The PEOPLE of the State of
Colorado, Complainant,

v.

Robert J. DRISCOLL,
Attorney-Respondent.

No. 84SA325.

Supreme Court of Colorado,
En Banc.

Feb. 10, 1986.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Dill, Dill & McAllister, P.C., Robert T. McAllister, Denver, for attorney-respondent.

KIRSHBAUM, Justice.

Robert J. Driscoll, you appear before this court to receive a public censure for professional misconduct. Your conduct in representing several clients was the focus of three separate grievance proceedings. In response to the petitions filed in those proceedings, you have by stipulation admitted essentially all of the material facts of misconduct alleged therein. Formal hearings were conducted to develop facts sufficient to establish an appropriate penalty for your admitted misconduct. At the conclusion of the proceedings, the hearing panel recommended imposition of a public censure. We accept the stipulations and the recommendation, and now impose a public censure.

You were admitted to the Bar of this court on October 16, 1974, and at all times pertinent to these proceedings were registered as a lawyer in good standing in the official records of this court. Therefore, pursuant to C.R.C.P. 241.1(b), you are subject to the jurisdiction of this court.

The incidents of misconduct giving rise to these three grievance proceedings occurred during a period of time commencing in 1980 and continuing through 1983. In 1980, you were retained by Brian and Valerie Percival to represent them in three civil matters arising from certain business transactions in which the Percivals were principal parties. Over a period of eighteen months you received $20,155 in fees from the Percivals in connection with your services in those matters.

In January 1983, a civil case which had been filed by the Percivals to recover damages was dismissed by the trial court as the result of your failure to forward in a timely fashion a set of interrogatories to your clients for their answers thereto. The Percivals were assessed costs of $2,850 in connection with the dismissal of that case. The hearing panel concluded that the value of the services you actually performed for the Percivals in these matters was $9,940. Your conduct in representing the Percivals violated C.R.C.P. 241.6 (conduct which violates the Code of Professional Responsibility); DR1–102(A)(1) (violation of a disciplinary rule); DR1–102(A)(5) (conduct prejudicial to the administration of justice); DR1–102(A)(6) (conduct adversely reflecting on fitness to practice law); DR2–106(A) (clearly excessive fee); DR6–101(A)(2) (handling a legal matter without adequate preparation); and DR6–101(A)(3) (neglecting a legal matter).

During 1981 and 1982, you represented James A. Barthman for a period of seventeen months in three related criminal matters filed against him in the La Plata County and San Miguel County District Courts. The charges included allegations of transportation, sale and possession of contraband. While attempting to prepare for trial, you received cocaine from friends of Barthman and used such substance yourself. The use of such contraband, together with your use of alcohol, adversely affected your representation of Barthman, and in November of 1982 you were discharged from such representation. This conduct violated C.R.C.P. 241.6 and disciplinary rules DR1–102(A)(3) (illegal conduct involving moral turpitude) and DR1–102(A)(6) (conduct adversely reflecting on fitness to prac-

tice law) of the Code of Professional Responsibility.

In May of 1982, you were acting as the attorney for five plaintiffs who had filed a civil action alleging fraud against parties from whom your clients had purchased rare coins. The complaint sought damages of $162,596, together with interest, costs and attorney fees. On May 24, 1982, on behalf of your clients but in the absence of their knowledge or consent, you entered into a stipulation of settlement requiring an immediate payment of $3,500 to your clients and the discharge by the defendants in the case of a $30,000 promissory note owed to them by your clients. When informed of this settlement, your clients refused to accept it and discharged you. You did not promptly turn over your client files to the plaintiffs after you were discharged, and the $3,500 check which you initially placed in those files was lost. You also refused to answer correspondence and telephone calls from the plaintiffs after you were discharged. This conduct violated C.R.C.P. 241.6 and disciplinary rules DR1–102(A)(1) (violation of a disciplinary rule) and DR1–102(A)(6) (conduct adversely reflecting on fitness to practice law) of the Code of Professional Responsibility.

In October of 1982, you wrote two checks to the David William Hotel in Tampa, Florida, at a time when you were aware that your account had insufficient funds to pay the amounts involved. You failed to respond to repeated inquiries by the hotel concerning these matters, and did not satisfy your obligations to the hotel until December of 1983. You also failed to respond to the Colorado Supreme Court Grievance Committee when notified of an informal complaint filed against you by the hotel. Your conduct in this regard violated C.R. C.P. 241.6(7) (failure to respond to a request of the Grievance Committee without good cause).

In November 1982, you were retained by Lawrence Etkie, a Michigan resident who was a deaf mute, to represent him in a criminal matter filed against him in the Eagle County District Court. You were paid $3,000 for your services. However, you failed to appear in court with your client for his advisement, failed to file a written advisement with the court to obviate the need for your client's appearance, and failed to obtain a preliminary hearing date for your client. When you were relieved of your representation of Mr. Etkie, you paid only $300 to the attorney who replaced you. This conduct violated C.R. C.P. 241.6 and the following disciplinary rules of the Code of Professional Responsibility: DR1–102(A)(1) (violation of a disciplinary rule), DR1–102(A)(6) (conduct adversely reflecting on fitness to practice law), and DR6–101(A)(3) (neglecting a legal matter).

During the course of these grievance proceedings, it became evident that your misconduct was attributable to a serious condition of addiction to cocaine and alcohol. A hearing panel considered extensive evidence relating to your recognition of this condition, your efforts prior to the commencement of any hearings connected with these grievance proceedings to correct the condition by participating in comprehensive rehabilitation programs and obtaining medical treatment, and your documented progress in correcting that condition. The hearing board ultimately recommended that, although your misconduct was frequent and serious, a public censure at this time would constitute an appropriate sanction.

We are not unmindful of the grave disservices you visited upon your clients and your profession. We are also aware that in 1982 you received a disciplinary letter pointing out yet another failure to handle promptly matters entrusted to you by a client. We are persuaded, however, that you understand the significance of your professional responsibility to make certain that your clients receive not only competent and trustworthy representation but undivided loyalty in all matters entrusted to their legal representative. We also find no basis to reject the conclusion that you will continue to abjure any dependency upon drugs or alcohol, and will continue to

obtain such professional assistance as may be necessary to assure such personal health. In view of these circumstances, we find this public censure to be an appropriate sanction for your prior misconduct.

The hearing panel has also recommended that you make restitution to Mr. Etkie in the amount of $2,700 and to the Percivals in the amount of $13,065, plus interest at the rate of eight percent per annum thereon, and that you pay the costs of these proceedings, which total $761.05. You have not objected to those recommendations, and we adopt them. Accordingly, you are hereby ordered to pay the sums due Mr. Etkie and the Percivals within two years of the date of this order, together with interest thereon at the rate of eight percent per annum. You are further ordered to pay the costs of these proceedings to the Supreme Court Grievance Committee, 600 17th Street, Suite 500–S, Denver, Colorado 80202, within ninety days of this order.